UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALAN MICHAEL MANRIQUE,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | Case No.  2:24-cv-3193-JDP (SS)<br><br><br>ORDER |

Plaintiff challenges the final decision of the Commissioner of Social Security ("Commissioner") denying his applications for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act.  Both parties have moved for summary judgment.  ECF Nos. 13 & 17.  For the reasons discussed below, the court grants plaintiff's motion, denies the Commissioner's, and remands for further proceedings

**Standard of Review**

An Administrative Law Judge's ("ALJ") decision denying an application for disability benefits will be upheld if it is supported by substantial evidence in the record and if the correct legal standards have been applied. *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1052 (9th Cir. 2006).  "'Substantial evidence' means more than a mere scintilla, but less than a

1

preponderance; it is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). However, the court will not affirm on grounds upon which the ALJ did not rely. *Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) ("We are constrained to review the reasons the ALJ asserts.").

A five-step sequential evaluation process is used in assessing eligibility for Social Security disability benefits. Under this process, the ALJ is required to determine: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant has a medical impairment (or combination of impairments) that qualifies as severe; (3) whether any of the claimant's impairments meet or medically equal the severity of one of the impairments in 20 C.F.R., Pt. 404, Subpt. P, App. 1; (4) whether the claimant can perform past relevant work; and (5) whether the claimant can perform other specified types of work. *See Barnes v. Berryhill*, 895 F.3d 702, 704 n.3 (9th Cir. 2018). The claimant bears the burden of proof for the first four steps of the inquiry, while the Commissioner bears the burden at the final step. *Bustamante v. Massanari*, 262 F.3d 949, 953-54 (9th Cir. 2001).

**Background**

On December 20, 2021, plaintiff filed an application for a period of disability and DIB, alleging disability beginning August 1, 2019. Administrative Record ("AR") 222-28. After his application was denied both initially and upon reconsideration, plaintiff testified at a hearing before an Administrative Law Judge ("ALJ"). AR 43-62, 129-32, 141-47. On April 16, 2024, the ALJ issued a decision finding that plaintiff was not disabled. AR 27-37. Specifically, the ALJ found:

> 1. The claimant meets the insured status requirements of the Social

Security Act through December 31, 2025.

2. The claimant has not engaged in substantial gainful activity since August 1, 2019, the alleged onset date.

* * *

3. The claimant has the following severe impairments: degenerative disc disease, degenerative joint disease of the bilateral knees.

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1.

* * *

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform the full range of medium work as defined in 20 CFR 404.1567(a).

* * *

6. The claimant is capable of performing past relevant work as a truck driver (DOT 904.383-010; SVP 4; medium).  This work does not require the performance of work-related activities by the claimant's residual functional capacity.

* * *

7. The claimant has not been under a disability, as defined in the Social Security Act, from August 1, 2019, through the date of this decision.

AR 26-37 (citations to the code of regulations omitted).

Plaintiff requested review by the Appeals Council, which denied the request.  AR 1-4.  He now seeks judicial review under 42 U.S.C. §§ 405(g).

**Analysis**

Plaintiff argues that the ALJ failed to provide sufficient reasoning to discount his allegations of pain and physical dysfunction.  ECF No. 13 at 5.  He also argues that the ALJ failed

3

to properly evaluate the opinions of consultative medical examiners Satish Sharma and Christine Rongey. *Id.* at 21, 24. I find the latter argument persuasive and thus need not consider the first. I will, for the reasons stated below, remand this matter for additional proceedings.

Plaintiff suffers from back and knee pain. The medical record reflects that he began complaining of lower back pain in 2018. AR 454. He told his provider that the back pain was "seven out of ten" and presented as a constant sharp, aching, burning, and throbbing discomfort. *Id.* The medical record also reflects that he underwent two surgeries on his right knee, one in 2017 and another in 2019, to deal with recurrent swelling and locking, stemming, in part, from a meniscal tear. AR 379, 780. Plaintiff also has issues with his left knee. AR 871. In connection with his disability claims, plaintiff was examined by two consultative physical examiners.

In July 2022, plaintiff was examined by Dr. Satish Sharma. Dr. Sharma found that plaintiff's ability to carry items over ten pounds frequently, and twenty pounds occasionally, was limited. AR 1407. He also found that plaintiff's ability to stand and walk for more than six hours in an eight-hour day was limited due to pain in the back and both knees. *Id.* The ALJ found this opinion unpersuasive, noting that, although it was "supported to some extent by the examination results, including limping gait, decreased range of motion in the spine and knees, and tenderness to palpitation," it was inconsistent with findings of normal gait elsewhere in the record and a conservative course of treatment after 2019. AR 35.

Then, in May 2023, plaintiff was examined by Dr. Christine Rongey. AR 1529. Dr. Rongey found that, based on plaintiff's back and knee issues, he could lift twenty pounds occasionally and ten pounds frequently. AR 1533. He could stand or walk for four hours in an eight-hour day and sit for six hours in an eight-hour day. *Id.* The ALJ also found this opinion unpersuasive, insofar as it was, again, inconsistent with the findings of normal gait and conservative treatment elsewhere in the record.[1] AR 34.

---

[1] The ALJ also found that Dr. Rongey's findings as to plaintiff's range of motion in the spine and knees, and intact strength and sensation, cut against her limitations. AR 34. He did not address her findings, however, that plaintiff's overall mobility was significantly limited by pain in the affected areas. Dr. Rongey noted that plaintiff could not "stand on heels and toes and perform

The Ninth Circuit has explained that, under current regulations, "an ALJ cannot reject an examining or treating doctor's opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. The agency must articulate . . . how persuasive it finds all of the medical opinions from each doctor or other source and explain how [it] considered the supportability and consistency factors in reaching these findings." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir. 2022) (internal quotation marks and citations omitted).  Here, the reasons offered by the ALJ in rejecting the opinions of Drs. Sharma and Rongey, predominately the normality of plaintiff's gait and the conservative treatment since 2019, were insufficient.  It is unclear, however, why plaintiff's normal gait cuts against the supportability or consistency of the examiner's findings.  Both found that plaintiff could undertake a reasonable amount of walking: Dr. Sharma opined that plaintiff could endure six hours of it in an eight-hour workday; Dr. Rongey found that he could walk for four.  And normal gait has no obvious significance for the lifting limitations prescribed by both examiners.  *Patrick v. Comm'r of SSA*, No. CV-21-00631-PHX-JJT, 2023 U.S. Dist. LEXIS 30369, *13-14 (D. Ariz. Feb. 23, 2023) ("It is unclear from the record whether or how walking gait is a relevant assessment criterion for diagnosing, treating, or assessing the severity of Plaintiff's impairments.  Since the ALJ did not discuss the relevance and significance of Plaintiff's normal gait in relation to Plaintiff's impairments, it is unclear from the ALJ's determination why a normal gait forecloses the limitations articulated by Dr. Bhalla.").

Additionally, the ALJ's contention that plaintiff's treatment was, after 2019, conservative, is not supported by the record.  Medical records from 2022 indicate that plaintiff was prescribed Hydrocodone, an opioid, for his pain.  AR 1414.  His opioid use appears to have been consistent over the years, as he was previously prescribed another opioid, Norco, for pain.  AR 382.  "The consistent use of strong opioid medications cannot accurately be described as 'conservative' treatment." *Shawn M. v. Kijakazi*, No. 2:20-cv-11131-PD, 2022 U.S. Dist. LEXIS 205495, *25 (C.D. Cal. Nov. 9, 2022).  Additionally, in 2022, plaintiff's provider discussed the possibility of

---

tandem gait because of the low back pain and bilateral knee pain."  AR 1532.  She wrote that this pain also prevented him from crouching down and standing back up.  *Id.*

medial branch blocks for his back.  AR 1426.  Other courts have held that such injections are not indicative of conservative treatment.  *See Garrison v. Colvin*, 759 F.3d 995, 1015 (9th Cir. 2014) ("[W]e doubt that epidural steroid shots to the neck and lower back qualify as 'conservative' medical treatment."); *see also Grant v. Bisignano*, No. 2:24-CV-04033-SK, 2025 U.S. Dist. LEXIS 155936, *4 (C.D. Cal. Aug. 11, 2025) ("[T]he use of narcotic medication alongside epidural steroid injections, trigger point injections, and nerve block injections—as plaintiff endured here—is not considered conservative treatment.") (internal citations omitted).  And it seems strange, as the ALJ does here, to effectively penalize plaintiff for not having more surgery.  Surgery was recommended for his left knee in 2020.  AR 395-97.  Plaintiff testified that he elected not to undertake this surgery, however, because he felt that the two surgeries on his right knee had not been successful in alleviating his pain.  AR 53.  A recommendation of surgery from a physician is not consistent with "conservative" treatment.  *See Vogel v. Colvin*, No. ED CV 15-166-E, 2015 U.S. Dist. LEXIS 122448, *5-6 (C.D. Cal. Sept. 11, 2015) (noting that calling prescription narcotics and a recommendation that plaintiff undergo surgery "conservative" might "well be inaccurate").

Based on the foregoing, the court finds that the ALJ erred by failing to properly evaluate the opinions of the consultative medical examiners.  Accordingly, the matter must be remanded for further proceedings.  *See Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015) ("A district court may reverse the decision of the Commissioner of Social Security, with or without remanding the case for a rehearing, but the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.") (internal quotes and citations omitted); *Treichler*, 775 F.3d at 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment, ECF No. 13, is GRANTED.

2. The Commissioner's cross-motion for summary judgment, ECF No. 17, is DENIED.

3. The matter is remanded for further proceedings consistent with this order.

4. The Clerk of Court is directed to enter judgment in plaintiff's favor and close this case.

IT IS SO ORDERED.


Dated:    March 12, 2026                        _____

JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE